IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRIAN MOAT, | ) |
| | ) |
| Plaintiff, | ) Case No. 3:21-cv-00807 |
| | ) |
| v. | ) JUDGE TRAUGER |
| | ) |
| METROPOLITAN GOVERNMENT | ) JURY DEMAND |
| OF NASHVILLE AND DAVIDSON | ) |
| COUNTY, TENNESSEE, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S MOTION IN LIMINE

### I. INTRODUCTION

Plaintiff Brian Moat ("Plaintiff") respectfully submits this Motion in Limine. Plaintiff respectfully requests the Court enter an Order, prior to trial, preventing Defendant, the Metropolitan Government of Nashville and Davidson County, Tennessee ("Defendant") from producing documentary or testimonial evidence or presenting any arguments to the jury that Plaintiff's post-June 2020 medical conditions affect whether Plaintiff can prove a claim based on Defendant's failure to accommodate his disability in June 2020. Evidence regarding these issues for non-damages purposes is inadmissible because it is irrelevant under Rules 401 and 402. Furthermore, any probative value of such evidence for non-damages purposes is substantially outweighed by the danger of undue prejudice to Plaintiffs under Rule 403.

### II. LEGAL STANDARD

"A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine.*" *Werner v. Bell Family Med. Ctr.*, 2012 U.S. Dist. LEXIS 64581,

at *3-4 (M.D. Tenn. May 1, 2012) (internal citations omitted.) "The Federal Rules of Evidence, the Federal Rules of Criminal and Civil Procedure and interpretive rulings of the Supreme Court and this court all encourage, and in some cases require, parties and the court to utilize extensive pretrial procedures—including motions *in limine*—in order to narrow the issues remaining for trial and to minimize disruptions at trial." *Id.* (quoting *U.S. v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999)). "A district court's rulings on *in limine* motions will be reversed only where the court abuses its discretion, that is, 'when it relies on clearly erroneous findings of fact, when it improperly applies the law, or when it employs an erroneous legal standard.'" *Id.* (internal citations omitted).

Rules 401 and 402 of the Federal Rules of Evidence provides that "evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action," and that "irrelevant evidence is not admissible." Fed. R. Evid. 401, 402. Rule 403 provides that relevant evidence may be excluded if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403.

### III. ARGUMENT

In Defendant's Motion for Summary Judgment, Defendant argued that Plaintiff could not meet the "otherwise qualified" element of his failure-to-accommodate claim because, in the period between his request for a reasonable accommodation (June 2020) and his release to return to work without restrictions (March 2021), he had "continuing issues with his left foot/ankle as well as bilateral hernia issues." (Doc. No. 18 at PageID # 369). In its Memorandum Opinion on Defendant's Motion for Summary Judgment, the Court stated that "the question of whether other medical issues that arose *after* [Plaintiff] requested an accommodation for his back injury in June 2020 might have affected his ability to work goes to the quantification of damages rather than to

whether the plaintiff can prove a claim based on the defendant's failure to accommodate his disability in June 2020." (Doc. No. 32 at Page ID # 1062) (emphasis in original). Accordingly, Defendant should not be permitted to introduce evidence of Plaintiff's post-June 2020 medical issues for the purpose of disproving any element of Plaintiff's failure-to-accommodate or failure to engage in the interactive process claims.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court enter an order preventing Defendant: (1) from producing evidence or presenting any arguments to the jury ~~regarding~~ that Plaintiff's post-June 2020 ankle swelling, callus, and hernia would have affected the ability of Defendant to accommodate Plaintiff in June 2020.

Respectfully submitted,

**JESSE HARBISON LAW, PLLC**

*/s/ Jesse Ford Harbison*
Jesse Ford Harbison, BPR No. 032105
P.O. Box 68251
Nashville, TN 37206
(615) 415-3285
jesse@jesseharbisonlaw.com

**STEINER & STEINER, LLC**

*/s/ Ann Buntin Steiner by JFH w/ permission*
Ann Buntin Steiner, BPR No. 11697
613 Woodland Street
Nashville, TN 37206
(615) 244-5063
asteiner@steinerandsteiner.com

HUNTER LAW FIRM PLC

*/s/ Anne Bennett Hunter by JFH w/ permission*
Anne Bennett Hunter, BPR No. 022407
101 Creekside Crossing, Suite 1700-307
Brentwood, TN 37027
(615) 592-2977
anne@hunteremploymentlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2023, a true and correct copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt as follows: J. Brooks Fox, Benjamin Puckett, Department of Law, Metropolitan Courthouse, Suite 108, P.O. Box 196300, Nashville, Tennessee 37219. Parties may access this filing through the Court's electronic filing system.

*/s/ Jesse Ford Harbison*
Jesse Ford Harbison