# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| **BRIAN MOAT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:21-cv-00807** |
| | ) | **Judge Aleta A. Trauger** |
| **THE METROPOLITAN** | ) | |
| **GOVERNMENT OF NASHVILLE AND** | ) | |
| **DAVIDSON COUNTY, TENNESSEE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM

Before the court is plaintiff Brian Moat's Renewed[1] Motion for Judgment as a Matter of Law, or, in the Alternative, for a New Trial. (Doc. No. 67.) The defendant opposes the motion (Doc. No. 82), and the plaintiff filed a Reply in further support thereof (Doc. No. 83). For the reasons set forth herein, the motion will be denied.

## I. STANDARD OF REVIEW

If the court denies a motion for judgment as a matter of law at trial, the moving party may file a renewed motion "and may include an alternative or joint request for a new trial under Rule 59." Fed. R. Civ. P. 50(b). "In ruling on the renewed motion, the court may: (1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law." *Id.*

---

[1] The plaintiff moved orally for judgment as a matter of law under Rule 50 at the close of the defendant's proof. (Trial Transcript, Doc. No. 65, at 161–62.)

The standard for granting judgment as a matter of law "mirrors" the summary judgment standard, "such that 'the inquiry under each is the same.'" *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51, (1986)). "In entertaining a motion for judgment as a matter of law, the court should review all of the evidence in the record. In doing so, however, the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Id.* (citing *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554–55 (1990)). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.* (quoting *Liberty Lobby*, 477 U.S. at 255). Applying this standard, the court should grant a motion for judgment as a matter of law "'only if reasonable minds could not come to a conclusion other than one favoring the movant.'" *ECIMOS, LLC v. Carrier Corp.*, 971 F.3d 616, 627 (6th Cir. 2020) (quoting *Mosby-Meachem v. Memphis Light, Gas & Water Div.*, 883 F.3d 595, 602 (6th Cir. 2018)).

Alternatively, under Rule 59 of the Federal Rules of Civil Procedure, a court may grant a new trial after a jury verdict "on all or some of the issues" "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a)(1)(A). The Sixth Circuit has interpreted this language "to mean that a new trial is warranted when a jury has reached a 'seriously erroneous' result as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, *i.e.*, the proceedings being influenced by prejudice or bias." *E.E.O.C. v. New Breed Logistics*, 783 F.3d 1057, 1066 (6th Cir. 2015) (quoting *Holmes v. City of Massillon*, 78 F.3d 1041, 1045–46 (6th Cir. 1996). When the motion for a new trial is made on the ground that the verdict is against the weight of the evidence, courts "will uphold the jury

verdict if it is one 'the jury reasonably could have reached; we cannot set it aside simply because we think another result is more justified.'" *Id.* (quoting *Innovation Ventures, LLC v. N2G Distrib., Inc.*, 763 F.3d 524, 534 (6th Cir. 2014)).

## II.    ANALYSIS

The plaintiff's motion is made only with respect to his claim ("Light Duty Claim") that the defendant, Metropolitan Government of Nashville & Davidson County ("Metro") failed to engage in the interactive process in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, after the plaintiff requested a light duty assignment on June 18, 2020. The Light Duty Claim is based on the plaintiff's proof that, after his doctor approved his return to light duty and the plaintiff emailed Jamie Summers, Metro's representative at trial, requesting a light duty assignment, Summers denied his request within the hour, without reaching out to anyone to discuss it further or looking for available light-duty positions before telling the plaintiff that he was ineligible for light duty. (Trial Tr., Doc. No. 65, at 101–03, 154–58.) The plaintiff takes issue with the jury verdict in favor of Metro on his Light Duty Claim,[2] arguing that, because Summers' testimony at trial constituted an admission by Metro that it did not engage in the interactive process after he requested a light duty assignment, "reasonable minds could come to only one conclusion"—that is, that he is entitled to judgment as a matter of law on the Light Duty Claim. (Doc. No. 68, at 1.)

As the court explained in the ruling denying the defendant's Motion for Summary Judgment, the ADA's implementing regulations state that, "[t]o determine the appropriate

---

[2] The Verdict Form in this case asked the jury, first, whether Metro "fail[ed] to provide a reasonable accommodation to Mr. Moat, in violation of the [ADA]," and second, whether Metro "fail[ed] to engage in the mandatory interactive process after Mr. Moat proposed a reasonable accommodation, in violation of the Americans with Disabilities Act." (Doc. No. 63, at 1.) The jury answered "No" to both of these questions.

reasonable accommodation it may be necessary for the [employer] to initiate an informal, interactive process with the qualified individual with a disability in need of accommodation." 29 C.F.R. § 1630.2(o)(3). The Sixth Circuit recognizes that, while the interactive process is not incorporated in the text of the ADA, "the interactive process is mandatory, and both parties have a duty to participate in good faith." *Kleiber v. Honda of Am. Mfg., Inc.*, 485 F.3d 862, 871 (6th Cir. 2007). "Once an employee requests an accommodation, the employer has a duty to engage in an interactive process." *Blanchet v. Charter Commc'ns, LLC*, 27 F.4th 1221, 1232 (6th Cir. 2022) (quoting *Hostettler v. Coll. of Wooster*, 895 F.3d 844, 857 (6th Cir. 2018)). The failure to engage in the interactive process may constitute an independent violation of the ADA "if the plaintiff establishes a *prima facie* showing that he proposed a reasonable accommodation.'" *Hrdlicka v. Gen. Motors, LLC*, 63 F.4th 555, 572 (6th Cir. 2023) (quoting *Rorrer v. City of Stow*, 743 F.3d 1025, 1041 (6th Cir. 2014)).

Based on this precedent, the jury in this case was instructed that the interactive process is both "mandatory" and "ongoing" and that, if the employer "fails to engage or fails to continue to engage in the interactive process after an employee requests a *reasonable* accommodation, the employer has violated the ADA." (Doc. No. 78, at 62–63 (emphasis added).) The jury was also instructed that, "when the appropriate reasonable accommodation is obvious to either or both the employer and the employee with a disability that *it may not be necessary to engage in the interactive process*." (*Id.* at 63 (emphasis added).)

Prior to trial, the court denied the defendant's Motion for Summary Judgment based on its finding that the plaintiff had established a *prima facie* showing that he had proposed a reasonable accommodation—specifically finding that there was a jury question as to whether the plaintiff's proposed accommodation in the form of a light-duty assignment was reasonable. Now viewing all

of the evidence presented at trial in the light most favorable to Metro, as the non-moving party, the court finds that the jury reasonably could have found that the interactive process in Moat's case began when he was first injured in December 2019 and continued through the processing and approval of his application for a disability pension, which became effective on July 31, 2020 and, therefore, that Jamie Summers' denial of his request for light duty on June 18, 2020 did not, standing alone, amount to a failure to engage in the interactive process. Alternatively, the jury could have found that the plaintiff's requested accommodation in the form of light duty, at the juncture at which it was made, was not "reasonable," or it could have reasonably concluded that the plaintiff's taking a disability pension was so obviously the appropriate accommodation in his case that Metro did not incur a further duty to engage in the interactive process.

In other words, while the plaintiff's motion focuses entirely on Summers' response to his request for light duty, his ability to prove his Light Duty Claim was also dependent on other facts relevant to Metro's obligation to engage in the interactive process, including, but not limited to, the reasonableness of the plaintiff's request. The plaintiff has not established that reasonable minds could only come to one conclusion or that the jury reached a "seriously erroneous" result. *New Breed Logistics*, 783 F.3d at 1066.

### III.     CONCLUSION AND ODER

The plaintiff is not entitled to judgment as a matter of law or a new trial on the Light Duty Claim. His Renewed Motion for Judgment as a Matter of Law, or, in the Alternative, for a New Trial (Doc. No. 67) is, therefore, will be denied. An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge